UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:21-CV-00485-BJB-RSE

**GAYLA GRAHAM,** *et al.*                                                                                                    **PLAINTIFFS**

**VS.**

**RESPIRONICS, INC.,** *et al.*                                                                                              **DEFENDANTS**

### ORDER

Before the Court is a Motion to Stay Proceedings submitted by Defendants Respironics, Inc.; Philips RS North America, LLC; Gould's Discount Medical, Inc.; and Gould's Discount Medical, LLC ("Defendants"). (DN 8). After the Court entered an agreed order extending the briefing deadlines, Plaintiffs Gayla and Robert Graham ("Plaintiffs") responded in opposition (DN 18) and Defendants replied (DN 21). Defendants later supplemented their motion. (DN 25). Pursuant to 28 U.S.C. § 636(b)(1)(A), the District Judge referred this matter to the undersigned United States Magistrate Judge for hearing and determining all pretrial matters, including non-dispositive motions. (DN 12). Fully briefed, this matter is ripe for review.

I.

On June 14, 2021, Defendant Philips RS North America voluntarily recalled several medical devices used to treat certain sleep and respiratory conditions. Among the recalled devices was the Phillips DreamStation CPAP machine, which Plaintiff Gayla Graham had been using since 2018. (DN 1-1, at PageID # 27). In January 2018, Ms. Graham was diagnosed with Sinonasal Undifferentiated Carcinoma, which she claims was caused by her ingestion of toxic and carcinogenic substances from foam degradation that prompted the DreamStation's recall. (*Id.*). Ms. Graham, together with her husband, brought this products liability action in Jefferson Circuit

Court on June 25, 2021. (*See generally* DN 1-1). The Defendants removed the case to this Court on July 27, 2021. (DN 1).

According to Defendants, at least 32 other lawsuits have been filed concerning the recalls and asserting similar claims. (DN 8-1, at PageID # 95). In one of those actions,[1] the plaintiff sought to centralize the related actions by filing a Motion for Transfer and Coordination or Consolidation with the Judicial Panel on Multidistrict Litigation ("Judicial Panel"). On August 2, 2021, Defendants filed the instant Motion seeking a stay of the proceedings until a decision by the Judicial Panel was issued. (DN 8). On October 8, 2021, the Judicial Panel issued an order consolidating related class action and individual personal injury cases for pretrial purposes and ordering their transfer to the Western District of Pennsylvania. (DN 25-1, at PageID # 538–542). Plaintiffs have tendered a Notice of Opposition to the Conditional Transfer Order as it relates to this action and expressed their intent to file a motion to vacate the order. (DN 26-1).

II.

The power to stay proceedings is well within the discretion of the trial court. *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626 (6th Cir. 2014). Such authority "is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants[.]" *Id.* (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). In ruling on a motion to stay proceedings, courts consider "(1) the interests of judicial economy; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *City of Henderson, Kentucky v. Purdue Pharma L.P.*, No. 3:19-CV-00067-GFVT, 2020 WL 428112, at *3 (E.D. Ky. Jan. 27, 2020).

---

[1] *Thomas Starner v. Koninklijke Philips, N.V., et al.*, No. 2:21-CV-2925-TJS (E.D. Pa.).

Although a decision has been rendered by the Judicial Panel, the parties' arguments for and against a stay remain applicable while an order on Plaintiffs' Motion to Vacate the Conditional Transfer Order is pending. (*See* DN 26-1). Defendants argue a stay is necessary to avoid unnecessary effort and expense by the parties and the Court if the decision to consolidate this action with the related matters for pre-trial proceedings is affirmed over Plaintiffs' objections. (DN 8-1, at PageID # 99, 100). They contend that Plaintiffs will not be harmed by a stay because the case has made little progress thus far and any stay would be brief. (*Id.* at PageID # 98).

Plaintiffs oppose Defendants' Motion to Stay because they believe this action is "jurisdictionally exempt" from the Judicial Panel's opinion. (DN 18, at PageID # 392). Plaintiffs maintain that this action belongs in state court and have moved for remand (DN 16), which is pending before the District Judge. They position that the federal multidistrict litigation statute governs federal actions, and because subject matter jurisdiction is lacking here an order from the Judicial Panel would be inconsequential. (DN 18, at PageID # 392).

In reply, Defendants note that Plaintiffs do not contest the merits of their motion but rely instead on their arguments for remand in opposing a stay. (DN 21, at PageID # 401). For this reason, Defendants argue Plaintiffs have conceded that a stay is appropriate. (*Id.* at PageID # 399). Defendants reiterate their position that a stay will not prejudice the Plaintiffs, that Defendants would suffer harm without one, and that judicial economy supports entry of a stay pending a final decision from the Judicial Panel. (*Id.* at PageID # 401).

The Court agrees that a stay of proceedings is appropriate until the Judicial Panel issues a final decision on Plaintiffs' Motion to Vacate. Absent a stay, Defendants would be forced to litigate duplicative matters unnecessarily should the Judicial Panel uphold its Conditional Transfer Order as it pertains to this case. This would result in the expenditure of significant costs for all parties

and, as Defendants noted, "defeat the efficiency that MDL proceedings were designed to achieve." (DN 8-1, at PageID # 99). Moreover, Plaintiffs have not demonstrated that a stay would prejudice them. Their response merely attacks the validity of any ruling by the Judicial Panel and emphasizes their arguments for remand. (DN 18, at PageID # 392–93). The Court finds that the parties and the Court will benefit from a stay, as proceeding with discovery here would waste time and resources if pre-trial proceedings are ultimately consolidated and the related matters transferred to the Western District of Pennsylvania.

III.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay Proceedings (DN 8) is **GRANTED**. All proceedings in this matter are stayed pending a final ruling from the Judicial Panel on Plaintiffs' Notice of Opposition and/or Motion to Vacate the Conditional Transfer Order.

Regina S. Edwards, Magistrate Judge
United States District Court

January 19, 2022

Copies:     Counsel of Record